UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID CORNELSEN, on behalf of herself and all others similarly situated,<br><br>                  Plaintiff,<br><br>    v.<br><br>MODELL'S SPORTING GOODS, INC.,<br><br>           Defendant. | Case No.<br><br>COMPLAINT - CLASS ACTION<br><br><br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1.      Plaintiff, David Cornelsen, by and through his attorneys, alleges the following based upon personal knowledge as to his own actions and upon information and belief and his attorneys' investigation as to all other facts.

2.      Plaintiff seeks injunctive relief, attorneys' fees and costs pursuant to the Americans With Disabilities Act ("ADA"), 42 U.S.C. Section 12181, *et seq.*, on behalf of a class of mobility impaired/wheelchair-bound persons who have patronized or would like to patronize the stores identified below.

3.      Additionally, Plaintiff seeks injunctive relief, attorneys' fees and costs, and minimum statutory damages on behalf of the Class of mobility impaired/wheelchair bound persons pursuant to the anti-discrimination state statute of New Jersey, New Jersey Law Against Discrimination, N.J.S.A. 10:5-4 ("LAD"),

## STATUTORY BACKGROUND

4.     On July 26, 1990, Congress enacted the ADA establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities and privileges of, and access to, places of public accommodation.

5.     Congress explicitly stated that among the purposes of the ADA were:

(a)     to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(b)     to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

(c)     to invoke the sweep of congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. Section 12101(b).

6.     Pursuant to 42 U.S.C. §§ 12182 and 28 C.F.R. 36.201(a), no place of public accommodation shall discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations at that place of public accommodation.

7.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if the defendant has ten (10) or fewer employees and gross receipts of $500,000.00 or less). *See* 42 U.S.C. § 12181 and 28 C.F.R. 36.508(a).

8.     Despite an extended period of time in which to become compliant with the ADA, and despite the extensive publicity the ADA has received since 1990, defendant

Modell's Sporting Goods, Inc. ("Modell's" or "Defendant") continue to discriminate against people who are disabled, in ways that block them from equal access to and use of its stores.

## PARTIES AND STANDING

9.      Plaintiff, David Cornelsen ("Cornelsen") is a Pennsylvania resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Cornelsen is a L2-L3 incomplete paraplegic, has permanently lost the use of his legs and requires a wheelchair to move about. Cornelsen has visited/patronized local Modell's stores and has experienced discrimination at such stores as more fully set forth below. Additionally, via information disseminated by his attorneys, Cornelsen has obtained actual notice of Title III ADA violations at additional Modell's stores he has not yet visited, as set forth below. Plaintiff intends to return to Modell's stores, for the dual purpose of availing himself of the goods and services offered to the public at such stores, and to ensure that those stores cease evading their responsibilities under federal and state law.

10.     Plaintiff has been, and continues to be, adversely affected by Defendant's violations of the ADA and the law of the State of New Jersey. Plaintiff has suffered direct and indirect injury as a result of the Defendant's actions and/or omissions as described herein.

11.     Plaintiff has reasonable grounds to believe that Defendant will continue to subject him, or other disabled individuals, to discrimination in violation of the ADA and the laws of the State of New Jersey, given that Defendant has failed to bring existing stores into compliance for well over thirty (30) years and has allowed new stores to be constructed or converted that were similarly out of compliance.

12.     Defendant Modell's maintains a corporate address at 498 Seventh Ave., 20th Floor, New York, NY 10018 and a registered office in the commonwealth of Pennsylvania located at 800 N. 2nd Street, suite 100, Harrisburg, Pennsylvania 17102. Upon information and belief, Modell's Sporting Goods operates stores throughout New York, New Jersey, Pennsylvania, Connecticut, Rhode Island, Massachusetts, New Hampshire, Delaware, Maryland, Virginia and the District of Columbia.

## JURISDICTION AND VENUE

13.     The action primarily arises from violations of Title III of the Americans With Disabilities Act, 42 U.S.C. 12181 *et seq*., as more fully set forth herein.  The Court has original jurisdiction pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1343.  Additionally, the Court has jurisdiction with respect to the claims arising from the anti-discrimination statute of the State of New Jersey, pursuant to 28 U.S.C. 1367 (supplemental jurisdiction).

14.     Venue lies in this district as Defendant are found and/or do substantial business in this judicial district and a substantial part of the property that is the subject of the action is situated in this judicial district.  *See* 28 U.S.C. 1391(b).

## CLASS ACTION ALLEGATIONS

15.     Plaintiff seeks to maintain the action as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure.  A Rule 23(b)(2) class is appropriate because the primary and predominate relief sought is injunctive.  Alternatively, to the extent a 23(b)(2) class would raise insurmountable due process concerns, Plaintiff seeks certification under Rule 23(b)(3).  The class consists of all mobility impaired/wheelchair-bound persons located in New Jersey and Pennsylvania who have patronized Modell's stores identified herein, who have been, who were, or have actual knowledge that they

would have been, prior to the filing of the Complaint, denied the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of any of the stores identified herein (the "Class").

16.     The Class is believed to consist of thousands of members.  The members of the Class are so numerous that joinder of all members is impracticable.

17.     Common questions of law and fact exist as to all members of the Class, and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

(a)     Whether Defendant's stores are "public accommodations" under the ADA;

(b)     Whether Defendant's stores deny the full and equal enjoyment of its goods, services, programs, facilities, privileges, advantages, or accommodations, and full and equal access to its facilities to individuals with disabilities in violation of ADA;

(c)     Whether Defendant provides goods, services, programs, facilities, privileges, advantages, or accommodations to individuals with disabilities in an integrated setting;

(d)     Whether Defendant's stores have made reasonable modifications in policies, practices, and procedures when such modifications are necessary to afford such goods, services, programs, facilities, privileges, advantages, or  accommodations to individuals with disabilities;

(e)     Whether Defendant failed to take steps to ensure that individuals with disabilities are not excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

(f)     Whether Defendant has failed to remove architectural and communication barriers in existing stores, where such removal is readily achievable and technically feasible, or have failed to make such goods, services, programs, facilities, privileges, advantages, or accommodations available through alternative methods, if removal of the barriers is not readily achievable or technically feasible;

(g)     Whether violations of the ADA also constitute per se violations of the New Jersey anti-discrimination statute.  N.J.S.A. 10: 5-4;

(h)     Whether Defendant has violated and/or continue to violate the state anti-discrimination statute identified above by denying equal access to disabled persons at places of public accommodation;

(i)     Whether the state anti-discrimination statue identified above provides for a private right of action;

(j)     Whether the state anti-discrimination statue identified above provides for injunctive relief; and

(k)     Whether the state anti-discrimination statute identified above provides for minimum statutory damages.

18.     Plaintiff's claims are typical of the claims of the members of the Class, as Plaintiff and members of the Class sustained and continue to sustain injuries arising out of Defendant's conduct or omissions in violation of federal and state law as complained of herein.  Plaintiff, like all other members of the Class, claims that Defendant has violated the ADA by failing to make its stores accessible to individuals with disabilities and by excluding Plaintiff, and other similarly situated persons, from full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of Defendant's stores, and subjecting the Plaintiff to discrimination by failing to provide its facilities and other goods, services, programs, facilities, privileges, advantages or accommodations to Plaintiff, as well as other similarly situated persons.

19.     Plaintiff will fairly and adequately protect the interests of the members of the Class, and has retained counsel competent and experienced in class action litigation. Plaintiff has no interests antagonistic to, or in conflict with, those of the Class.

20.     The action may be maintained as a class action pursuant to Rule 23(b)(2), because Defendant violated the ADA, by maintaining barriers to accessibility and discriminating on the basis of disabilities, in a manner harmful to all members of the

Class.  Requiring Defendant to comply with the ADA is appropriate, and the primary and predominating relief sought is injunctive relief.

21.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since joinder of all members is impracticable. Furthermore, because the damages suffered by the individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class individually to redress the wrongs done to them.

22.    There will be no difficulty in the management of this action as a class action.  Moreover, judicial economy will be served by the maintenance of this lawsuit as a class action, in that it is likely to avoid the burden which would be otherwise placed upon the judicial system by the filing of thousands of similar suits by disabled people across New Jersey and/or Pennsylvania.  There are no obstacles to effective and efficient management of the lawsuit as a class action.

**STORES OWNED/OPERATED BY DEFENDANT IN VIOLATION OF THE ADA**

23.    Plaintiff has personally encountered both discrimination and barriers to equal access at Modell's stores.  On June 19, 2013, Plaintiff purchased $39.56 worth of V Neck Tee's and Philadelphia Phillies paraphernalia from the Modell's store located at 122-C Park Ave., Willow Grove, PA and suffered discrimination as a result of being denied full and equal access in violation of Title III of the ADA.  Specifically, that Modell's location did not have accessible parking or a fully accessible restroom.  Next, Plaintiff had difficulty accessing the bathroom because of the force required by him to open the restroom door and because the restroom door closer was not adjusted to allow the door to remain open.  Once inside the restroom, Cornelsen was unable to use the men's urinal because of the excessive height it was mounted from the floor.  In addition, he was unable to wash his hands because the pipes under the sink were not covered

raising the risk Plaintiff would burn himself. The Plaintiff would have also been unable to dry his hands because the paper towel dispenser was too high. Plaintiff intends to re-visit this store again in the future for the dual purpose of patronizing and ensuring compliance with the ADA.

24.     Plaintiff has retained Brodsky & Smith, LLC to prosecute the claims alleged herein, who in turn, retained professional building experts to investigate, identify and document Defendant's violations of the ADA.  Those investigations, which are still ongoing, have to date, identified the Modell's locations listed below as being in serious violation of the ADA.  Further, the results have been disseminated to Plaintiff, providing him with actual notice of Title III ADA violations at the stores listed below.

25.     Additionally, Plaintiff received the results of the investigations provided by the building expert's investigators, which results provided him with actual notice of Title III ADA violations at the following additional Modell's stores located near his residence, and the residences of his family and friends.  Cornelsen is being deterred from visiting/patronizing these stores as a result of his actual knowledge of the discrimination. However, Plaintiff intends to visit these stores in the future for the dual purpose of patronizing and ensuring their compliance with the ADA.  Those additional stores to which Plaintiff has actual notice of Title III ADA violations include:

1.     962 West Street Road, Warminster, PA;

2.     122 Park Avenue, Willow Grove, PA;

3.     101 East Olney Avenue, Philadelphia, PA;

4.     2329 Cottman Avenue, Philadelphia, PA;

5.     3400 Aramingo Avenue, Philadelphia, PA;

6.     15th St. & Snyder Avenue, Philadelphia, PA;

7.      24th & Oregon Avenue, Philadelphia, PA;

8.      1067 West Baltimore Pike, Clifton Heights, PA;

9.      1710 U.S. 46, Little Falls, NJ;

10.     463 Green Street, Woodbridge, NJ;

11.     1065 Bloomfield Avenue, Clifton, NJ;

12.     2454 U.S. 22, Union, NJ;

13.     1515 U.S. 22, Watchung, NJ;

14.     2501 U.S. 130, Riverton, NJ;

15.     1100 Nixon Drive, Mt. Laurel, NJ;

16.     200 Route 73, West Berlin, NJ;

17.     1900 Highway 70, Lakewood, NJ; and

18.     1 Route 37, Toms River, NJ.

## COUNT I

## <u>VIOLATION OF THE AMERICANS WITH DISABILITIES ACT</u>

26.      Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.  This Count is brought on behalf of the Class against Modell's.

27.      Pursuant to 42 U.S.C. Section 12181(7) and 28 C.F.R. Section 36.104, Defendant owns and/or operates places of public accommodation, Modell's stores, which offer food and household good and products to the general public.  All of Defendant's stores are public accommodations and are covered by the ADA.

28.      The ADA defines illegal discrimination to include, in pertinent part:

(a)   Failure to remove architectural barriers . . . that are structural in nature, in Existing facilities . . . where such removal is readily achievable;

(b)   With respect to a facility or part thereof that is altered . . . in a manner that affects or could affect the usability of the facility or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.  Where the entity is undertaking an alteration that affect or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path or travel to the altered area . . .[is] readily accessible to and usable by individuals with disabilities where such alterations to the path or travel . . . are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General); and

(c)   failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990 that are readily accessible to and usable by individuals with disabilities.

29.   Defendant has been and continues to be required to remove architectural barriers to the physically disabled where such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 C.F.R.  Section 36.304(a); in the alternative, if there has been an alteration to any of Defendant' places of public accommodation since January 26, 1992, then Defendant is required to ensure to the maximum extent feasible that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and, finally, if any of the Defendant's facilities are one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then such facility must be readily accessible to and usable by individuals with disabilities as defined by the ADA.

30.     Appendix A to Part 36-Standards for Accessible Design (28 C.F.R. pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities.  These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal agencies, including the Department of Justice, under the ADA.

31.     Defendant has discriminated against Plaintiff, and others who are similarly situated, by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its places of public accommodation or commercial facilities in violation of 42 U.S.C. Section 12181 *et seq*. and 28 C.F.R. 36.302 *et seq*., as described below.

32.     Defendant has discriminated and is discriminating against Plaintiff and others similarly situated, in violation of the ADA, by failing to, *inter alia*, have accessible facilities, as described below, by January 26, 1992.  The following list describes, by way of example, certain, but not all of, Defendant's commonplace violations of the ADA, with respect to its stores:

1.     **962 West Street Road**
       **Warminster, PA**

       **Violation 1**
       The men's restroom door force is 10 lbs. and is not accessible.  This is in violation of ADAAG – Section 4.13.11(2)(b)

       **Violation 2**
       The men's restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds.  This is in violation of ADAAG – Section 4.13.10.

       **Violation 3**
       The men's restroom signage is not compliant.  This is in violation of ADAAG - Section 4.1.2.

       **Violation 4**
       The soap dispenser in the men's restroom is 54" above the floor and is not compliant.
       This is in violation of ADAAG - Section 4.23.7.

2.    **122 Park Avenue**
      **Willow Grove, PA**

**Violation 1**
There is no van accessible parking signage.  This is in violation of
ADAAG- Section 4.6.4.

**Violation 2**
The pipes under the men's lavatory are not covered.  This is in violation of
ADAAG – Section 4.19.4.

**Violation 3**
The men's restroom door force is 11 lbs. and is not accessible.  This is in
violation of ADAAG – Section 4.13.11(2)(b)

**Violation 4**
The height of the urinal rim in the men's restroom is 24" from the floor
and is not accessible.  This is a violation of ADAAG - Section 4.18.2.

**Violation 5**
The restroom door closer is not adjusted to allow the door to remain open
for at least three (3) seconds.  This is a violation of ADAAG - Section
4.13.10.

**Violation 6**
The men's restroom signage is not compliant.  This is in violation of
ADAAG - Section 4.1.2.

**Violation 7**
The paper towel dispenser in the men's restroom is 54" above the floor and
is not compliant.  This is in violation of ADAAG - Section 4.23.7.

3.    **101 East Olney Avenue**
      **Philadelphia, PA**

**Violation 1**
There is not the required number of van accessible parking spaces.  This is
in violation of ADAAG - Section 4.1.2.(5)(b).

**Violation 2**
There is no van accessible parking signage.  This is in violation of
ADAAG- Section 4.6.4.

**Violation 3**
The van accessible parking spaces do not have accessible aisles.  This is in
violation of ADAAG – Section 4.6.3.

**Violation 4**
The center of the toilet or water closet is 15" from the wall and is not
accessible.  This is in violation of ADAAG - Section 4.17.3.

**Violation 5**

The men's room toilet paper dispenser is not located on the side wall below the grab bar. This is in violation of ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 6**
The restroom door force is 14 lbs. and is not accessible. This is in violation of ADAAG - Section 4.13.11(2)(b).

**Violation 7**
The restroom does not provide proper floor space and is not accessible. This is in violation of ADAAG - Section 4.23.3.

**Violation 8**
The men's restroom stall does not provide proper floor space and is not accessible. This is in violation of ADAAG - Section 4.17.3.

**Violation 9**
The restroom door closer is not adjusted to allow the door to remain open for at least three (3) seconds. This is a violation of ADAAG - Section 4.13.10.

**Violation 10**
The men's restroom signage is not compliant. This is in violation of ADAAG - Section 4.1.2.

4.      **2329 Cottman Avenue**
        **Philadelphia, PA**

**Violation 1**
In the parking area there is no van accessible parking signage. This is a violation of ADAAG - Section 4.6.4.

**Violation 2**
The men's room toilet paper dispenser is not located on the side wall below the grab bar. This is in violation of ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 3**
The men's restroom door force is 9 lbs. and is not accessible. This is in violation of ADAAG - Section 4.13.11(2)(b).

**Violation 4**
The restroom door closer is not adjusted to allow the door to remain open for at least three (3) seconds. This is a violation of ADAAG - Section 4.13.10.

**Violation 5**
The men's restroom signage is not compliant. This is in violation of ADAAG - Section 4.1.2.

**Violation 6**
The auto dryer in the men's restroom is 52½" above the floor and is not compliant. This is in violation of ADAAG - Section 4.23.7.

5.    **3400 Aramingo Avenue**
      **Philadelphia, PA**

      **Violation 1**
      The pipes under the lavatory in the men's restroom are not covered.  This is a violation of ADAAG - Section 4.19.4.

      **Violation 2**
      The toilet paper dispenser in the men's restroom is not located on the side wall below the grab bar.  This is in violation of ADAAG - Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

      **Violation 3**
      The toilet paper dispenser is not located on the side wall within 12" from the front edge of the toilet seat.  This is in violation of ADAAG - Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

      **Violation 4**
      The men's restroom door force is 9 lbs. and is not accessible.  this is in violation of ADAAG - Section 4.13.11(2)(b).

      **Violation 5**
      There are not the required grab bars in the restroom. This is in violation of ADAAG - Section 4.17.6.

      **Violation 6**
      The mirror in the men's restroom is 50" above the floor and is not accessible.  This is in violation of ADAAG - Section 4.22.6.

      **Violation 7**
      The restroom door closer is not adjusted to allow the door to remain open for at least three (3) seconds.  This is a violation of ADAAG - Section 4.13.10.

      **Violation 8**
      The men's restroom signage is not compliant.  This is in violation of ADAAG - Section 4.1.2.

6.    **15th St. & Snyder Avenue**
      **Philadelphia, PA**

      **Violation 1**
      There is no van accessible parking signage.  This is in violation of ADAAG – Section 4.5.4.

      **Violation 2**
      The pipes under the lavatory are not covered.  This is in violation of ADAAG - Section 4.19.4.

      **Violation 3**

The toilet paper dispenser in the men's restroom is not located on the side wall within 12" from the front edge of the toilet seat. This is in violation of ADAAG - Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 4**
The men's restroom door force is 9 lbs. and is not accessible. This is in violation of ADAAG – Section 4.13.11(2)(b).

**Violation 5**
The mirror in the men's restroom is 50" from the floor and is not accessible. This is in violation of ADAAG - Section 4.22.6.

**Violation 6**
The restroom door closer is not adjusted to allow the door to remain open for at least three (3) seconds. This is a violation of ADAAG - Section 4.13.10.

**Violation 7**
The restroom signage is not compliant. This is in violation of ADAAG - Section 4.1.2.

**7.      24th & Oregon Avenue
          Philadelphia, PA**

**Violation 1**
There is not the required number of accessible parking spaces. This is in violation of ADAAG - Section 4.1.2(5)(a).

**Violation 2**
There is not the required number of van accessible parking spaces. This is in violation of ADAAG - Section 4.1.2(5)(b).

**Violation 3**
There is no accessible parking signage. This is in violation of ADAAG - Section 4.6.4.

**Violation 4**
There is no van accessible parking signage. This is in violation of ADAAG – Section 4.6.4.

**Violation 5**
The accessible parking spaces do not have accessible aisles. This is in violation of ADAAG - Section 4.6.3

**Violation 6**
The van accessible parking spaces do not have accessible aisles. This is in violation of ADAAG - Section 4.6.3.

**Violation 7**
The toilet paper dispenser in the men's restroom is not located on the side wall below the grab bar. This is in violation of ADAAG - Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 8**

The men's restroom door force is 9 lbs. and is not accessible. This is in violation of ADAAG – Section 4.13.11(2)(b).

**Violation 9**
The mirror in the men's restroom is 50" above the floor and is not accessible. This is in violation of ADAAG - Section 4.22.6.

**Violation 10**
The men's restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of ADAAG – Section 4.13.10.

**Violation 11**
The men's restroom signage is not compliant. This is in violation of ADAAG - Section 4.1.2.

**Violation 12**
The aisles are blocked with merchandise and do not provide minimum clear width for single wheelchair passage of 32" at a point and 36" continuously. This is in violation of ADAAG - Section 4.2.1.

8.     **1067 West Baltimore Pike**
       **Clifton Heights, PA**

**Violation 1**
There is no van accessible parking signage. This is in violation of ADAAG – Section 4.6.4.

**Violation 2**
The pipes under the lavatory in the men's restroom are not covered. This is a violation of ADAAG - Section 4.19.4.

**Violation 3**
The toilet paper dispenser in the men's restroom is not located on the side wall within 12" from the front edge of the toilet seat. This is in violation of ADAAG - Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 4**
The men's restroom door hardware is not compliant. This is in violation of ADAAG – Section 4.13.9.

**Violation 5**
The men's restroom door force is 10 lbs. and is not accessible. This is in violation of ADAAG – Section 4.13.11(2)(b).

**Violation 6**
The mirror in the men's restroom is 48" from the floor and is not compliant. This is in violation of ADAAG - Section 4.22.6.

**Violation 7**
The men's restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of ADAAG – Section 4.13.10.

**Violation 8**
The auto-dryer in the men's restroom is 48¾" from the floor and is not accessible.  This is in violation of ADAAG - Section 4.23.

9.     **1710 U.S. 46**
       **Little Falls, NJ**

**Violation 1**
There is not van accessible parking signage.  This is in violation of ADAAG - Section 4.6.4.

**Violation 2**
The pipes under the lavatory are not covered.  This is in violation of ADAAG - Section 4.19.4.

**Violation 3**
The toilet paper dispenser is not located on the side wall within 12" from the front edge of the toilet seat.  This is in violation of ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 4**
The men's restroom door force is 11 lbs. and is not accessible.  This is in violation of ADAAG – Section 4.13.11(2)(b).

**Violation 5**
The toilet stall door hardware is not compliant.  This is in violation of ADAAG – Section 4.13.9.

**Violation 6**
The mirror in the men's restroom is 50" from the floor and is not accessible.  This is in violation of ADAAG - Section 4.22.6.

**Violation 7**
The men's restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds.  This is in violation of ADAAG – Section 4.13.10.

**Violation 8**
The men's restroom signage is not compliant.  This is in violation of ADAAG - Section 4.1.2.

**Violation 9**
The paper towel dispenser in the men's restroom is 50" from the floor and is not accessible.  This is in violation of ADAAG - Section 4.2.

10.    **463 Green Street**
       **Woodbridge, NJ**

**Violation 1**
The toilet paper dispenser is not located on the side wall within 12" from the front edge of the toilet seat.  This is in violation of ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 2**

The men's restroom door force is 10 lbs. and is not accessible. This is in violation of ADAAG – Section 4.13.11(2)(b).

**Violation 3**
The lavatory hardware is not complaint. This is in violation of ADAAG - Section 419.5.

**Violation 4**
The men's restroom is not on an accessible route and is not accessible to wheelchairs.
This is in violation of ADAAG - Sections 4.1.2(6) and 4.1.3(11).

**Violation 5**
The men's restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of ADAAG – Section 4.13.10.

**Violation 6**
The men's restroom signage is not compliant. This is in violation of ADAAG - Section 4.1.2.

**11.**    **1065 Bloomfield Avenue**
         **Clifton, NJ**

**Violation 1**
There is no van accessible parking signage. This is in violation of ADAAG – Section 4.6, 4.

**Violation 2**
The center of the toilet or water closet is 16½" from the wall and is not accessible. This is in violation of ADAAG - Section 4.17.3.

**Violation 3**
The toilet paper dispenser is not located on the side wall within 12" from the front edge of the toilet seat. This is in violation of ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 4**
The men's restroom door force is 9 lbs. and is not accessible. This is in violation of ADAAG – Section 4.13.11(2)(b).

**Violation 5**
The men's restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of ADAAG – Section 4.13.10.

**Violation 6**
The men's restroom signage is not compliant. This is in violation of ADAAG – Section 4.1.2.

**12.**    **2454 U.S. 22**
         **Union, NJ**

**Violation 1**

There is no van accessible parking signage.  This is in violation of ADAAG – Section 4.6,4.

**Violation 2**
The center of the toilet or water closet is 21" from the wall and is not accessible.  This is in violation of ADAAG - Section 4.17.3.

**Violation 3**
The toilet paper dispenser is not located on the side wall below the grab bar.  This is in violation of ADAAG - Sections 4.22.4, 4.23.4. 4.16.6 and 4.17.3.

**Violation 4**
The toilet paper dispenser is not located on the side wall within 12" from the front edge of the toilet seat.  This is in violation of ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 5**
The men's restroom door force is 9 lbs. and is not accessible.  This is in violation of ADAAG – Section 4.13.11(2)(b).

**Violation 6**
There are no required grab bars in the men's restroom.  This is in violation of ADAAG - Section 4.17.6.

**Violation 7**
The mirror in the men's restroom is 55" from the floor and is not accessible.  This is in violation of ADAAG - Section 4.22.6.

**Violation 8**
The rim of the urinal is 31" from the floor and is not accessible.  This is in violation of ADAAG - Section 4.18.2.

**Violation 9**
The men's restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds.  This is in violation of ADAAG – Section 4.13.10.

**Violation 10**
The men's restroom signage is not compliant.  This is in violation of ADAAG - Section 4.1.2.

**Violation 11**
The light switch is located 50" from the finished floor and is not accessible.  This is in violation of ADAAG - Section 4.27.

13.     **1515 U.S. 22**
        **Watchung, NJ**

**Violation 1**
There is no van accessible parking signage.  This is in violation of ADAAG – Section 4.6,4.

**Violation 2**

The center of the toilet or water closet is 16" from the wall and is not accessible. This is in violation of ADAAG - Section 4.17.3.

**Violation 3**
The toilet paper dispenser in the men's restroom is not located on the side wall within 12" from the front edge of the toilet seat. This is in violation of ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 4**
The men's restroom door force is 10 lbs. and is not accessible. This is in violation of ADAAG – Section 4.13.11(2)(b)

**Violation 5**
The mirror in the men's restroom is 45" from the floor and is not accessible. This is in violation of ADAAG - Section 4.22.6.

**Violation 6**
The lavatory hardware is not complaint. This is in violation of ADAAG - Section 4.19.5.

**Violation 7**
The men's restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of ADAAG – Section 4.13.10.

**Violation 8**
The men's restroom signage is not compliant. This is in violation of ADAAG - Section 4.1.2.

**Violation 9**
The soap dispenser in the men's restroom is 58" above the floor and is not compliant. This is in violation of ADAAG – Section 4.23.7.

14.    **2501 U.S. 130**
       **Riverton, NJ**

**Violation 1**
The toilet paper dispenser in the men's restroom is not located on the side wall below the grab bar. This is in violation of ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

**Violation 2**
The men's restroom door force is 12 lbs. and is not accessible. This is in violation of ADAAG – Section 4.13.11(2)(b)

**Violation 3**
The men's restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of ADAAG – Section 4.13.10.

**Violation 4**
The men's restroom signage is not compliant. This is in violation of ADAAG - Section 4.1.2.

**Violation 5**
The soap dispenser in the men's restroom is 50" above the floor and is not accessible. This is in violation of ADAAG – Section 4.23.7.

15.     **1100 Nixon Drive**
        **Mt. Laurel, NJ**

        **Violation 1**
        The men's restroom door force is 10 lbs. and is not accessible. This is in violation of ADAAG – Section 4.13.11(2)(b)

        **Violation 2**
        The men's restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of Title 24 Code 1115B.7.1.4; ADAAG – Section 4.13.10.

        **Violation 3**
        The men's restroom signage is not compliant. This is in violation of ADAAG - Section 4.1.2.

        **Violation 4**
        The paper towel dispenser in the men's restroom is 62" above the floor and is not accessible. This is in violation of ADAAG – Section 4.23.7.

16.     **200 Route 73**
        **West Berlin, NJ**

        **Violation 1**
        The toilet paper dispenser in the men's restroom is not located on the side wall below the grab bar. This is in violation of ADAAG – Sections 4.22.4, 4.23.4, 4.16.6, and 4.17.3.

        **Violation 2**
        The men's restroom door force is 10 lbs. and is not accessible. This is in violation of ADAAG – Section 4.13.11(2)(b)

        **Violation 3**
        The restroom door hardware is not compliant. This is in violation of ADAAG - Section
        4.13.9.

        **Violation 4**
        The mirror in the men's restroom is 50" from the floor and is not compliant. This is in violation of ADAAG - Section 4.22.6.

        **Violation 5**
        The men's restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of ADAAG – Section 4.13.10.

        **Violation 6**
        The men's restroom signage is not compliant. This is in violation of ADAAG - Section 4.1.2.

**Violation 7**
The soap dispenser in the men's restroom is 50" above the floor and is not compliant. This is in violation of ADAAG - Section 4.23.7.

17.     **1900 Highway 70**
        **Lakewood, NJ**

**Violation 1**
There is no van accessible parking signage. This is in violation of ADAAG – Section 4.6.4.

**Violation 2**
The men's restroom door force is 10 lbs. and is not accessible. This is in violation of ADAAG – Section 4.13.11(2)(b)

**Violation 3**
The mirror in the men's restroom is 48" from the floor and is not compliant. This is in violation of ADAAG - Section 4.22.6.

**Violation 4**
The height of the urinal in the men's restroom is 48" from the floor and is not accessible. This is in violation of ADAAG - Section 4.18.2

**Violation 5**
The men's restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of ADAAG – Section 4.13.10.

**Violation 6**
The men's restroom signage is not compliant. This is in violation of ADAAG - Section 4.1.2.

18.     **1 Route 37**
        **Toms River, NJ**

**Violation 1**
The men's restroom door force is 9 lbs. and is not accessible. This is in violation of ADAAG – Section 4.13.11(2)(b)

**Violation 2**
The men's restroom door closer is not adjusted to allow the bathroom door to remain open for at least three (3) seconds. This is in violation of ADAAG – Section 4.13.10.

**Violation 3**
The men's restroom signage is not compliant. This is in violation of ADAAG - Section 4.1.2.

33.     The discriminatory violations described above are not an exclusive or

exhaustive list of the Defendant's ADA violations, and, upon information and belief,

there are other miscellaneous violations of the ADA and regulations promulgated pursuant thereto in Defendant's facilities.

34.     The correction of these violations of the ADA is readily achievable, or Defendant is obligated to have its places of public accommodation readily accessible as defined by the ADA.

35.     To date, barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.  The effect of Defendant's failure to comply with the ADA is that Defendant has discriminated against disabled persons by denying them the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of the Modell's stores.

36.     As a result of the failure to remedy existing barriers to accessibility, Plaintiff and others similarly situated have been denied access to and the benefits of the goods, services, programs, facilities, and activities of Defendant's stores and have otherwise been discriminated against and have suffered damages caused by Defendant's ADA violations.  Unless Modell's stores are brought into compliance with the ADA, said persons will continue to suffer injury in the future.

37.     Plaintiff and others similarly situated either regularly enter and/or use Defendant's stores, would like to enter and/or use Defendant's stores, or may enter and/or use Defendant's stores in the future.  Plaintiff is ready, willing and able to patronize Defendant's stores when the discriminatory policies and barriers are removed or cured.

38.     In addition, the discriminatory features of Defendant's stores are generally known to Plaintiff, and others similarly situated, who are discouraged from patronizing Modell's stores.  Many either avoid the facilities because they are aware of the

discriminatory barriers they will encounter there, or attend the stores with knowledge that their access to those facilities will be limited by virtue of Defendant's persistent and pervasive violations of the ADA.

39.    Plaintiff, and others similarly situated were injured by the discrimination encountered at Defendant's stores and/or continue to be injured by their inability to patronize Defendant's stores.  They have also been injured by the stigma of Defendant's discrimination.

40.    Plaintiff's injuries are traceable to Defendant's discriminatory conduct alleged herein and will be redressed by the relief requested.  Plaintiff and others similarly situated have been injured and will continue to be injured by Defendant's failure to comply with the ADA and its continued acts of discrimination.

41.    Plaintiff has retained the undersigned counsel.  Plaintiff is entitled to recover its attorneys' fees, costs and expenses from Defendant pursuant to 42 U.S.C. Section 12205 and 28 C.F.R. 36.505.

42.    Notice to Defendant is not required as a result of Defendant's failure to cure the violations by January 26, 1992.  All other conditions precedent have been met by Plaintiff or waived by Defendant.

43.    Plaintiff is without adequate remedy at law and is suffering irreparable harm.

44.    Pursuant to 42 U.S.C. Section 12188, this Court is provided authority to grant Plaintiff injunctive relief, including an Order to alter Modell's stores to make those facilities readily accessible to Plaintiff and all other persons with disabilities as defined by the ADA or by closing the facilities, either temporarily or permanently, until such time as Defendant cure their violations of the ADA.

## COUNT II

## <u>(NEW JERSEY LAW AGAINST DISCRIMINATION)</u>

45.     Plaintiff realleges and incorporates by reference the remainder of the allegations set forth in the Complaint as if fully set forth herein.

46.     Defendant operates business establishments within the jurisdiction of the State of New Jersey and, as such, is obligated to comply with the provisions of the New Jersey Law Against Discrimination, § 10:5-4, *et seq.* ("LAD").

47.     The conduct alleged herein violates the LAD § 10:5-4, *et seq.*

48.     The LAD guarantees, *inter alia*, that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities, and privileges without discrimination because of disability, subject only to conditions and limitations applicable alike to all persons.  This opportunity is recognized as and declared to be a civil right.

49.     Defendant has violated the LAD by, *inter alia*, denying Plaintiff and members of the proposed Class, as persons with disabilities, full and equal accommodations, advantages, facilities, privileges, or services offered by Defendant. Defendant has also violated the LAD by violating the ADA, as set forth above.

50.     Defendant has violated the LAD, by *inter alia*, failing to operate its services on a nondiscriminatory basis and failing to ensure that persons with disabilities have nondiscriminatory access to its stores.

51.     In doing the acts and/or omissions alleged herein, Defendant wrongfully and unlawfully denied access to its stores and facilities to individuals with disabilities and acted with knowledge of the effect its conduct was having on physically disabled persons.

52.     The LAD is accorded broad construction in regard to its prohibition of discrimination on the basis of disability and the paramount purpose of the statute is to secure to handicapped individuals full and equal access to society.

53.     Further, in determining a violation of LAD, New Jersey Courts look to the standards established in Federal ADA Cases. As such, Defendant has violated the LAD as a result of its violation of the ADA.

54.     Pursuant to the remedies, procedures, and rights set forth in the LAD. Plaintiff prays for judgment as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following relief:

a.     That this Court assume jurisdiction.

b      That this Court certify the Class identified above.

c.     That this Court certify Plaintiff as the representative of the Class.

d.     That this Court declare Defendant to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, and the New Jersey Disabled Persons Act, N.J.S.A., § 10:5-4, et seq.

e.     That this Court issue an injunction ordering Defendant to comply with the statutes set forth herein.

f.     That this Court award minimum statutory damages to the named Plaintiff and members of the proposed class for violations of their civil rights under state law.

g.     That this Court award reasonable attorneys' fees and costs pursuant to federal and New Jersey law.

h.     That this Court award such additional or alternative relief as may be just, proper and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury on all issues which can be heard by a jury.

Dated: August 9, 2013

BRODSKY & SMITH, LLC

By: _____
Jordan Schatz, Esquire
Jason L. Brodsky, Esquire
Two Bala Plaza, Suite 602
Bala Cynwyd, PA 19004
Tel: 610 667 6200
Fax: 610 667 9029

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID CORNELSEN, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) **CIVIL ACTION NO.** ) ) |
| v. | ) ) |
| | ) **CLASS ACTION COMPLAINT** ) |
| MODELL'S SPORTING GOODS, INC., | ) ) |
| Defendant. | ) ) **JURY TRIAL DEMANDED** |

## L.R. 7.1 DISCLOSURE STATEMENT

Pursuant to L.R. 7.1, plaintiff, David Cornelsen, hereby states that there are no such parent corporations or any other publicly held corporation that owns 10% or more of its stock as the plaintiff is an individual.

Dated: August 9, 2013

BRODSKY & SMITH, LLC

By:_____
Jason L. Brodsky
Jordan A. Schatz
Two Bala Plaza, Suite 602
Bala Cynwyd, PA 19004
Tel: (610) 667-6200
Fax: (610) 667-9029

*Attorneys for Plaintiff*

1